UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRAMOD PATEL and ANKIT SHAH<br><br>   Appellants,<br><br>  v.<br><br>MS International, Inc.,<br><br>   Appellee. | Case No. 20-cv-06234<br><br>Judge John Robert Blakey |

## MEMORANDUM OPINION AND ORDER

Debtors Pramod Patel (Patel) and Ankit Shah (Shah) (collectively, Appellants) seek review of the United States Bankruptcy Court's decision on summary judgment that Appellants' actual fraud precluded the discharge, under 11 U.S.C. § 523(a)(2)(A), of a debt stemming from a California district court default judgment in favor of Appellee MS International, Inc. (MSI). Appellants appeal the bankruptcy court's summary judgment ruling and its denial of their motion to reconsider.[1] For the reasons set forth below, the Court affirms.

---

[1] In their Appeal, Appellants refer to the bankruptcy court's denial of their "motion to vacate". [19]. But the bankruptcy court referred to it as a "Motion to Reconsider" and, at times, the Appellants did, too. Bankr. R., [58], [64]. All parties and the bankruptcy court agree the motion falls under Bankruptcy Code § 9024, and Federal Rule of Civil Procedure 60(b). *Id.* As such, this Court refers to it as the "Motion to Reconsider".

1

I.  **Background**

   A.  **The California Action**

MSI distributes flooring, tile and hardscape products nationwide from its California headquarters. Bankr. R., [53] at 2.[2] Appellants worked for MSI in various customer service and sales capacities from 2013 to 2017. *Id*. In 2018, MSI sued Appellants in the United States District Court for the Central District of California ("California court"), alleging that they stole MSI's trade secrets and used the stolen information at their new jobs with an MSI competitor, Century Marble and Granite. *See MSI Int'l, Inc. v. Patel*, No. 18-cv-00152 (C.D. Cal.) ("California Action").[3] MSI brought six claims against Patel and Shah pursuant to federal and state law: (1) misappropriation of trade secrets in violation of 18 U.S.C. § 1836(b); (2) violation of California Penal Code § 502; (3) violation of California Penal Code § 496; (4) violation of the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (5) fraud and deceit in violation of California Civil Code §§ 1709, 1710; and (6) Unfair Competition under Business & Professions Code §§ 17200, et seq. Cal. R..[1].

Appellants moved to dismiss the California Action on jurisdictional grounds, which the court denied. Cal. R. [14], [24]. Appellants then actively participated in the California Action: they filed a joint Rule 26(f) discovery plan, *id.* [21]; served initial disclosures (albeit late), *id.* [60] at 4–5; stipulated to a protective order, *id.* [23]; and filed attorney appearances, *id.* [28]. They did not, however, answer the complaint

---

[2] This Court uses "Bankr. R." to refer to filings in Bankruptcy Case No. 19-AP-0740 (Bankr. N.D. Ill.), which is the consolidated adversary proceeding by MSI against Appellants.

[3] This Court uses "Cal. R" to refer to filings in the California Action.

2

or respond to other discovery requests. *Id.* [60] at 4. As a result, and at MSI's request, the clerk entered default on June 5, 2018. *Id.* [31]. On August 31, Appellants—having still not answered the complaint—moved to vacate the entry of default, *id.* [36], and MSI moved for default judgment, *id.*[40].

On December 17, 2018, the California court denied the motion to vacate and granted default judgment against Appellants, jointly and severally, as to all counts except Count IV[4] and awarded $2,210,238.30 in damages, attorneys' fees, and costs (hereinafter, "California default judgment"). *Id.* [60]. The California court awarded the damages based upon the federal and state law claims after requiring MSI to submit additional evidence to demonstrate that Appellants' conduct caused MSI's alleged damages. *Id.* [60] at 27–32.

### B. The Bankruptcy Proceedings

Four months after the California court issued its default judgment, Appellants each filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Northern District of Illinois. Nos. 19-BR-08032 (Bankr. N.D. Ill.) (Shah); 19-BR-08037 (Bankr. N.D. Ill.) (Patel). Soon after, MSI filed adversary complaints in the bankruptcy proceedings objecting to the discharge of the judgment debt from the California Action pursuant to § 523(a)(2)(A) of the Bankruptcy Code, Nos. 19-AP-0740, 19-AP-0741 (Bankr. N.D. Ill.).,[5] which provides that a debtor may not discharge

---

[4] Count IV alleged violation of the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030. Cal. R. [1] at 16. The California court determined that MSI failed to adequately allege a claim under 18 U.S.C. § 1030. *Id.* [60] at 18–20.

[5] The bankruptcy court consolidated MSI's two adversary proceedings against Patel and Shah.

3

debts for money that was "obtained by false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A).

MSI then filed a motion for summary judgment arguing that, under the doctrine of issue preclusion, the California default judgment precluded further consideration of whether the California judgment debt constituted money obtained by "false pretenses, a false representation, or actual fraud." Bankr. R. [1] ¶ 33 (quoting 11 U.S.C. § 523(a)(2)(A)).

The Bankruptcy Court—applying the federal rule governing issue preclusion—agreed with MSI that the Appellants were estopped from relitigating issues decided in the California default judgment. Bankr. R. [53] at 4–6.

From there, the Bankruptcy Court evaluated whether the issues that the California court decided in granting default judgment and MSI's statement of material facts established that Appellants may not discharge their debt to MSI under § 523(a)(2)(A). *Id.* at 15. MSI cited exclusively to the California Action to support its material facts in support of summary judgment, Bankr. R. [37], and the bankruptcy court ultimately deemed MSI's material facts admitted, because Appellants failed to cite to the record in opposing MSI's statement of facts (relying instead on legal arguments about issue preclusion and impermissibly citing to their unverified answer as factual proof), Bankr. R. [53] at 6–10.

Next, the bankruptcy court considered the definition of actual fraud under § 523(a)(2)(A). It found that the California court's detailed findings with respect to MSI's federal and state law claims established that Appellants committed "actual

fraud" through their "fraudulent and deceitful conduct" in "taking [MSI's] information and trade secrets without permission to benefit themselves and Century Marble and Granite" in violation of federal and state law. Bankr. R. [53] at 15. As such, it granted summary judgment for MSI.

Appellants asked the bankruptcy court to reconsider its summary judgment decision, arguing, for the first time, that the bankruptcy court should have applied the state rule on issue preclusion because the California Action's jurisdiction was based on diversity.[6] Bankr. R. [58] at 5–6. They also argued that, even if the federal rule on issue preclusion applied, it generally does not afford preclusive effect to default judgments and a narrow exception to this general rule did not apply. *Id.* at 6–8. They also raised two new "due process" arguments regarding the preclusive effect of the California default judgment: (1) their lawyers in the California Action made various errors; and (2) the California court entered default judgment right before their bankruptcy filings, which shows Appellants deliberately chose to forego litigating in the California Action in favor of resolving MSI's claims in a bankruptcy setting. *Id.* at 8–10. Finally, they also argued that the court erred in deeming MSI's material facts admitted, because Appellants' failure to present evidence to refute MSI's facts arose from MSI's purported refusal to give (and the bankruptcy court's refusal to compel) discovery on those issues. *Id.* at 4 n.1.

The bankruptcy court denied Appellants' motion to reconsider, finding that the motion asserted only errors of law, which should be raised on appeal. Bankr. R. [64].

---

[6] Appellants' motion failed to explain how or whether this would have affected the result of the bankruptcy court's issue preclusion findings.

5

Nonetheless, the bankruptcy court also considered Appellants' arguments on their merits and rejected them, holding that: issue preclusion was proper under both the federal rule and the California rule, *id.* at 3–7; Appellants had adequate recourse under state law for any errors made by their prior attorneys, *id.* at 3; and Appellants' substantial participation in the California Action belied their argument that they chose to take a default there so they could litigate the issue of fraud in bankruptcy proceedings, *id.* at 3, 8–9. Finally, it held that, even if issue preclusion did not apply, MSI's statement of materials facts, which Appellants failed to oppose and the court deemed admitted, independently supported summary judgment for MSI. *Id.* at 7–8.

Appellants now appeal the bankruptcy court's summary judgment decision and denial of their motion to reconsider. Their brief identifies four issues for appeal:

1. Whether the bankruptcy court erred in finding that Appellants' conduct in the California Action warranted an exception to the general rule that default judgments do not trigger issue preclusion.

2. Whether the bankruptcy court erred in giving preclusive effect to the California default judgment given Appellants' prior attorneys' conduct and the timing of the default judgment in relation to the filing of their bankruptcy cases.

3. Whether the bankruptcy court erred when, after denying Appellants' motion to compel discovery, it granted summary judgment because Appellants failed to point to testimony or documentary evidence in their opposition to summary judgment.

4. Whether the bankruptcy court erred in granting MSI's motion for summary judgment and denying Appellants' reconsideration motion.

[19] at 1–2.

## II. Standards of Review

This Court has jurisdiction to hear appeals from a bankruptcy court's rulings pursuant to 28 U.S.C. § 158(a). On appeal, this Court reviews *de novo* a bankruptcy court's legal conclusions as well its final determination to grant summary judgment. *See In re Miss. Valley Livestock, Inc.*, 745 F.3d 299, 302 (7th Cir. 2014). It reviews factual findings for clear error. *See id.*

Whether the doctrine of issue preclusion can apply in a subsequent action constitutes a legal question that this Court reviews *de novo*. *See Reeves v. Davis*, 638 F.3d 549, 553 (7th Cir. 2011). But, even if a prior judgment can trigger issue preclusion, a bankruptcy court generally has discretion to decide whether to apply the doctrine, especially where considerations of fairness affect whether it should be applied. *See Cohen v. Buci*, 103 B.R. 927, 932 (N.D. Ill. 1989) (citing *Garza v. Henderson*, 779 F.2d 390, 393 (7th Cir. 1985). Thus, once this Court examines *de novo* whether issue preclusion can apply, this Court reviews the bankruptcy court's decision to apply it for abuse of discretion. *See Cohen*, 103 B.R. at 932. Finally, this Court reviews the bankruptcy court's denial of a motion to reconsider for abuse of discretion. *See Knezovic v. Urban P'ship Bank*, 589 B.R. 351, 356 (N.D. Ill. 2018).

## III. Analysis

### A. The Bankruptcy Court Did Not Err in Giving Preclusive Effect to the California Default Judgment

Issue preclusion (also known as collateral estoppel) bars relitigation of issues adjudicated in a prior lawsuit. The Supreme Court has held that issue preclusion applies in bankruptcy discharge proceedings pursuant to § 523(a). *See Grogan v.*

7

*Garner*, 498 U.S. 279, 284 n.11 (1991). Thus, "where a court of competent jurisdiction had previously ruled against a debtor upon specific issues of fact that independently comprise elements of a creditor's nondischargeability claim, the debtor may not seek to relitigate those underlying facts in bankruptcy court, provided that the issues involved had been 'actually litigated.'" *Baermann v. Ryan (In re Ryan)*, 408 B.R. 143, 164 (N.D. Ill. 2009) (quoting *French, Kezelis & Kominiarek, P.C. v. Carlson*, 224 B.R. 659, 663 (Bankr. N.D. Ill. 1998), *aff'd*, No. 99-c-6020, 2000 WL 226706 (N.D. Ill. Feb. 22, 2000), *aff'd*, No. 00-1720, 2001 WL 1313652 (7th Cir. Oct. 23, 2001)).

Federal law governs the preclusive effect of federal court decisions. *See Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507–08 (2001)). Under federal common law, courts apply the federal rule of issue preclusion in federal-question cases; for diversity cases, courts apply the rule of preclusion of "the State in which the rendering court sits," unless doing so would go against federal interests. *Taylor*, 553 U.S. at 891 n.4 (citing *Semtek*, 531 U.S. at 508). The parties agree that the federal rule applies to this case because the California Action involved federal-question claims.[7]

Under the federal rule on issue preclusion, a court may estop a party from relitigating an issue from a prior judgment if that judgment satisfies four elements:

---

[7] Appellants', in their motion for reconsideration, argued for the first time that the bankruptcy court should have looked to the state rule. Bankr. R. [58] at 5–6. On appeal to this Court, however, they have waived any choice-of-law argument, because their brief only argues under the federal rule. *See Mungo v. Taylor*, 355 F.3d 969, 978 (7th Cir. 2004). Regardless, the choice-of-law question is immaterial in this case because the result would be the same under the California Rule. *See In re Cantrell*, 329 F.3d 1119, 1123 (9th Cir. 2003) (holding that default judgments may be issue preclusive if the losing party had actual knowledge of the litigation and the issuing court made express findings upon the allegation(s) for which preclusion is sought).

(1) the issue sought to be precluded is the same as the one involved in prior litigation; (2) the issue was actually litigated; (3) the issue was determined by a valid and final judgment; and (4) the determination was essential to the prior judgment. *See Herbstein v. Bruetman*, 266 B.R. 676, 683 (N.D. Ill. 2001), *aff'd* 32 F. App'x 158 (7th Cir. 2002); *La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V.*, 914 F.2d 900, 906 (7th Cir. 1990).

Here, Appellants dispute only whether the California default judgment meets the "actually litigated" element. [19] at 7–12. Under the federal rule, "actually litigated" requires that an issue "both be actually litigated *and* in a hearing that was full and fair." *In re Catt*, 368 F.3d 789, 791–92 (7th Cir. 2004) (noting potential inconsistencies in Supreme Court precedent on the "actually litigated" requirement but agreeing that most federal cases require a full and fair hearing). Because of this, courts generally do not give default judgments issue preclusive effect. *See Arizona v. California*, 530 U.S. 392, 414 (2000) ("In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated") (quoting Restatement (Second) of Judgments § 27 (1982)); *Meyer v. Rigdon*, 36 F.3d 1375, 1379 (7th Cir. 1994) (holding that normally default judgments are not preclusive because "no issue has been actually litigated"). The rationale behind this general policy is that "a party may decide that the amount at stake does not justify the expense and vexation of putting up a fight"; although the party will lose the lawsuit, a court did not decide the issues in an adversarial context. *Bush v. Balfour Beatty Bahamas, Ltd. (In re Bush)*,

9

62 F.3d 1319, 1324 (11th Cir. 1995) (quoting *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983)).

Most federal courts, however, recognize an exception to this general rule: a court may preclude a party from relitigating an issue addressed in a default judgment if it determines that the party actively participated in the prior litigation and deliberately tried to prevent its resolution or engaged in other bad faith conduct. *See, e.g., Herbstein*, 266 B.R. at 683–85; *Cty. of Chicago v. Spielman (In re Spielman)*, 588 B.R. 198, 206 (Bank. N.D. Ill. 2018) (collecting cases); *Wolstein v. Docteroff (In re Docteroff)*, 133 F.3d 210, 215 (3d Cir. 1997); *FDIC v. Daily (In re Daily)*, 47 F.3d 365, 368 (9th Cir. 1995). *But see FDIC v. Gilson (In re Gilson)*, 250 B.R. 226, 234–35 (Bankr. E.D. Va. 2000) (declining to consider the exception).

The parties dispute whether the exception applies to the California default judgment. Appellants contend that the exception does not apply because they did not actively litigate the case—they never even answered the complaint—and the California court did not issue the default judgment as a sanction against them. They maintain that courts have only applied the exception when the default judgment was entered as a sanction *or* at least after defendant filed an answer. [22] at 3–4. MSI counters that the exception applies because Appellants actively participated in the California Action, and did so obstructively, for almost a year before the court entered default. [21] at 14–20.

This Court finds that the exception applies. First, the exception does not require that the losing party answer the complaint before default was entered. *See,*

*e.g., In re Spielman*, 588 B.R. at 206 (applying the exception where the losing party never answered, but his counsel filed motions on his behalf, filed a motion to vacate default, and moved to reconsider its denial); *McCart v. Jordana (In re Jordana)*, No. 99-6194, 2000 WL 783401, at *2 (10th Cir. June 20, 2000) (applying the exception where the losing party participated in litigation, but never answered the complaint, refused to respond to discovery and engaged in other obstructive conduct). Instead, as discussed above, the key inquiry is whether the losing party actively engaged in litigation or exhibited bad faith or obstructive behavior. One can still actively participate in a case, while failing to answer the complaint, and Appellants did so here: they filed a joint Rule 26(f) discovery plan; served initial disclosures; stipulated to a protective order; filed attorney appearances; and contested the entry of default against them. That Appellants ignored their legal obligation to answer should not allow them to avoid an otherwise just result of their litigation conduct.

Second, the exception also does not require that a default judgment arise as a sanction under Federal Rule of Civil Procedure 37. For example, in *Melnor v. Corey (In re Corey)*, 583 F.3d 1249, 1252–53 (10th Cir. 2009), the court considered whether the exception applied to a prior default judgment where the losing party engaged in obstructive litigation tactics, including failing to appear for hearings and pre-trial proceedings. The Tenth Circuit rejected the appellant's argument that the exception did not apply because the prior court did not enter default judgment as a sanction. *Id.* at 1253. The court held: "Why that matters, however, is a mystery to us. The essential point is that the only reason the first court did not have to assess the merits

11

of the issue before deciding it is that the losing party's misconduct forfeited it's right to such an assessment." *Id*.

This Court agrees with the Tenth Circuit. The key inquiry is whether the losing party engaged in obstructive or bad faith litigation tactics, regardless of whether the losing party was sanctioned for such tactics. Of course, when the exception applies, the exact nature of the losing party's prior litigation conduct differs from case-to-case. For example, in *Herbstein*, the district court held the exception applied to a prior default judgment where the losing party had extensively litigated the prior case but refused to disclose his assets or financial condition. 266 B.R. at 685. More recently, in *Spielman*, a bankruptcy court applied the exception against a debtor where the debtor failed to answer the complaint in the prior action, but his counsel filed other motions, moved to vacate a default judgment, and moved for reconsideration upon the prior court's denial. 588 B.R. at 205–07. Likewise, in *Daily*, the Ninth Circuit held the exception applied where the losing party participated in litigation for almost two years but failed to comply with repeated court orders. 47 F.3d at 366–68. And, in *Bush*, the Eleventh Circuit held the exception applied where the losing party initially participated in discovery but steadily became more absent— failing to appear for a properly noticed deposition, produce trial exhibits, or attend a pretrial conference. 62 F.3d 1319 (11th Cir. 1995). Finally, in *Docteroff*, the Third Circuit agreed the exception applied where the losing party filed an answer, conducted some discovery, engaged attorneys, and corresponded with opposing

12

counsel but refused to respond to discovery requests or sit for a deposition. 133 F.3d at 214–15.

Here, the record in the California Action reveals that Appellants actively participated in the California Action and engaged in obstructive conduct to "deliberately preclude[] resolution of factual issues through normal adjudicative procedures." *In re Daily*, 47 F.3d at 368. The record does not indicate that the Appellants abstained from participating in the litigation process because the costs of defending the action outweighed the benefit, nor does it show that the court simply granted a routine default judgment after Appellants failed to answer. Rather, Appellants moved to dismiss the complaint; filed Rule 26(f) disclosures; corresponded with opposing counsel; and agreed to a protective order. Cal. R. [21], [23], [28], [60] at 4–5. They also served initial disclosures; asked MSI's counsel to withdraw their default request; and, perhaps most notably, filed a motion to vacate the default in which they argued that they wished to litigate the issues. *Id*. [36] at 3, [60] at 4–5. In that motion to vacate, they also represented to the court that they had "corrected and complied with" all missed deadlines even though they still had not answered the complaint, *id*. [36] at 3—a point not lost on the California court when it denied the motion to vacate, *id*. [60] at 8. Further, the record shows that Appellants' attorney gave MSI inconsistent responses regarding his concurrent representation of Appellants' new employer and whether he agreed to permit MSI to image Appellants' electronic devices, thereby "further delaying litigation in th[e] case." *Id*. [60] at 8. As

the California Court noted, these delays and obstructive tactics allowed Appellants more time "to use MSI's trade secrets to unfairly compete." *Id.*

In light of the record and Appellants' repeated failure to meet deadlines, their representations to the court and MSI's counsel, and their overall gamesmanship, this Court agrees with the bankruptcy court that, under the federal rule, the exception applies. Appellants may not avoid issue preclusion and relitigate an issue in bankruptcy that they could have fully litigated in the California Action. To hold otherwise would give Appellants, who abused the judicial system and its processes, "an undeserved second bite at the apple." *In re Docteroff*, 133 F.3d at 215.

### B. Issue Preclusion Was Still Proper Even if Appellants' California Counsel Made Errors and Appellants Filed Bankruptcy Soon After the Default Judgment

Appellants also appeal whether the bankruptcy court erred in applying issue preclusion because: (1) their California Action counsel made various errors; and (2) the default judgment came close in time to when they each filed for Chapter 7 bankruptcy. They argue that, under the circumstances, the bankruptcy court's application of issue preclusion implicates due process concerns.

Appellants raised this due process argument for the first time in their motion to reconsider. *Compare* Bankr. R. [42] *with* Bankr. R. [58]. Appellants could have raised this argument in opposition to MSI's motion for summary judgment; by failing to do so, they waived the argument. *See Mungo v. Taylor*, 355 F.3d 969, 978 (7th Cir. 2004). On that basis alone, the Court finds the bankruptcy court did not err or abuse its discretion in denying the motion to reconsider on this basis.

14

But, even if this Court considers this due process argument on the merits (as the bankruptcy court did), it fails. Appellants correctly assert that to trigger preclusion a prior judgment must be "rendered in a proceeding that comports with due process." *In re Catt*, 368 F.3d at 791 (citing *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 480–81 (1982). But the California default judgment satisfied due process. Due process requires only "that the party sought to be precluded have had an opportunity for a hearing." *In re Catt*, 368 F.3d at 792 (citations omitted). Whatever the alleged errors of their counsel, Appellants unquestionably had an opportunity for a hearing. *C.f. In re Mann*, No. SC-19-1323, 2020 WL 3071981, at *7 (B.A.P. 9th Cir. June 4, 2020) (finding a debtor had a full and fair opportunity to litigate even if he claimed his attorney abandoned him because he made no attempt to hire new counsel). Appellants knew about the litigation; and they knew about the initial entry of default because their attorney sought to vacate it. Cal. R. [36]. Therefore, the California default judgment was issued in a proceeding that comported with Appellants' due process. As the bankruptcy court noted in its order denying the motion to reconsider, if Appellants believe their attorneys acted improperly, then they "have adequate recourse under state law for errors made by their prior attorneys." Bankr. R. [64] at 3.

The same holds true with respect to the timing of Appellants' bankruptcy filing relative to the default judgment. Appellants correctly note that, if a party plans to file for bankruptcy protection, that may change its incentive to contest a civil action. [19] at 11. But the record undermines any contention that Appellants opted to pursue

15

bankruptcy protection rather than litigate the California Action. In fact, in seeking to vacate the entry of default, Appellants argued to the California court that they planned to litigate and present defenses. Cal. R. [36]. Further, Appellants filed for bankruptcy seven months after MSI filed their motion for default judgment and nearly four months after the California court granted it. Bankr. R. [53] at 3. Moreover, even if Appellants made a strategic choice not to litigate the California Action, they had every opportunity to do so, which is all due process requires. As such, Appellants' argument fails.

As such, based on its *de novo* examination of issue preclusion, the Court finds the California default judgment trigger issue preclusion against Appellants. And, for the same reasons that the Court finds that federal rule exception applies here, it also finds that the bankruptcy court did not abuse its discretion in ultimately applying issue preclusion. *See Cohen*, 103 B.R. at 932 ("The decision to bar collateral estoppel because of unfairness is within the [bankruptcy] court's discretion.").

### C. Summary Judgment for MSI was Proper

Appellants argue that the bankruptcy court erred because it denied Appellants' motion to compel discovery but then granted summary judgment in MSI's favor based upon Appellants' failure to point to testimony or documentary evidence in their statement of material facts. Not so.

Appellants argue that they properly refuted MSI's statement of material facts by citing to their answer and the bankruptcy court erred in not considering those responses in deciding whether there existed a disputed issue of material fact. The

16

Court need not resolve this question, however, because the bankruptcy court properly granted summary judgment. MSI relied solely on the California default judgment for its statement of material facts in support of summary judgment. Bankr. R. [37]. And, the bankruptcy court agreed that the California default judgment established that Appellants committed "actual fraud" as defined under § 523(a)(2)(A). Bankr. R. [53] at 13–16. As such, because the California default judgment was issue preclusive, and because debtors cannot discharge debt for money obtained through "actual fraud", the bankruptcy court found no genuine issues of material facts as to the nondischargeability of debt. It is immaterial exactly how Appellants tried to refute MSI's materials facts (or what discovery they sought to compel),[8] because issue preclusion estopped them from relitigating the matter. As a result, the bankruptcy court did not err in granting MSI summary judgment on the issue of dischargeability under § 523(a)(2)(A).

### D. The Bankruptcy Court Did Not Abuse Its Discretion in Denying Appellants' Motion to Reconsider

Finally, this Court affirms the bankruptcy court's denial of Appellants' motion for reconsideration. Appellants offered no new evidence in support of their motion, nor did they establish any manifest error of law in the bankruptcy court's grant of summary judgment. *See Knezovic*, 589 B.R. at 360. To demonstrate such an error, Appellants had to "clearly establish" that the bankruptcy court disregarded,

---

[8] Significantly, Appellants failed to appeal the denial of the motion to compel itself, and thus, this Court lacks jurisdiction to review the denial of that motion. [1], [19]. Nevertheless, the motion to compel remains immaterial to the result below in light of issue preclusion.

misapplied, or failed to recognize "controlling precedent." *Id.* (quoting *Anderson v. Holy See*, 934 F. Supp. 2d 954, 958 (N.D. Ill. 2013). In this, they failed for all the reasons discussed above, and the Court finds the bankruptcy properly denied their motion for reconsideration.

### IV.   Conclusion

For the reasons explained above, this Court affirms the bankruptcy court's grant of summary judgment to MSI, Bankr. R. [51], and the resulting judgment orders against Appellants, *id.* [52], [55]; and affirms the bankruptcy court's denial of Appellants' motion for reconsideration, *id.* [64].

Dated: September 24, 2021

Entered:

John Robert Blakey
United States District Judge